JS 44   (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
David Eaton

## DEFENDANTS
LexisNexis Risk Solutions FL, Inc.

**(b)** County of Residence of First Listed Plaintiff  York County, PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Palm Beach County, FL
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Vicki Piontek, Esquire
Piontek Law Offices
951 Allentown Rd, Lansdale, PA 19446

Attorneys *(If Known)*
Sharon F. McKee, Esquire
Hangley Aronchick Segal Pudlin & Schiller,
One Logan Sq., 27th Fl., Philadelphia, PA 19103  T: 215-568-6200

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Med. Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

### PRISONER PETITIONS
☐ 510 Motions to Vacate Sentence
**Habeas Corpus:**
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
☐ 465 Other Immigration Actions

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☒ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. Section 1681
Brief description of cause:
Alleged Violations of FCRA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
155,751.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE

DOCKET NUMBER

DATE  1/13/14

SIGNATURE OF ATTORNEY OF RECORD  *Sharon F. McKee*

### FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID EATON | : | |
| 3116 Sundial Road | : | CIVIL ACTION NO.: |
| Dover, PA  17315, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LEXISNEXIS RISK SOLUTIONS FL, INC. | : | |
| 6601 Park of Commerce Boulevard | : | |
| Boca Raton, FL  33487, | : | |
| and | : | |
| X,Y, Z CORPORATIONS, | : | |
| Defendants. | : | |

## NOTICE OF REMOVAL

**TO:   UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and Federal Rule of Civil Procedure 81(c), Defendant LexisNexis Risk Solutions FL, Inc. hereby files this Notice of Removal of Case No. 2013-SU-003027-74, from the Court of Common Pleas of York County in which it was filed, to the United States District Court for the Middle District of Pennsylvania.  In support of this Notice of Removal, LexisNexis Risk Solutions FL, Inc. ("LNRSFLI") avers as follows:

### I.   Background

1.      On July 19, 2013, Plaintiff David Eaton (hereinafter "Eaton") initiated this action by filing a Writ of Summons in the Court of Common Pleas of York County.  A copy of the docket is attached hereto as Exhibit "A."

2.      Eaton did not serve the Writ of Summons on any defendant. *See* Ex. "A."

3.      The docket reflects that a Complaint was filed on September 3, 2013 and an Amended Complaint was filed on November 21, 2013.  The Amended Complaint purports to

name LNRSFLI as a defendant. A copy of the Amended Complaint is attached hereto as Exhibit "B."

4.      The Amended Complaint seeks judgment and alleges violations under 15 U.S.C. § 1681, et seq.

5.      Plaintiff did not attempt to serve original process of the Complaint or the Amended Complaint on LNRSFLI.

6.      LNRSFLI, through its counsel, agreed to accept service of the Amended Complaint in exchange for an extension of the time to respond to the pleading. LNRSFLI's counsel executed an Acceptance of Service form on December 13, 2013, which was sent on that day to Plaintiff's counsel for filing with the Court. However, Plaintiff has never filed the document with the York County court.

## II.     LexisNexis Risk Solutions FL, Inc. Has Satisfied the Procedural Requirements for Removal

7.      This Notice is timely under 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedures 6(a)(1).

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending."

9.      No previous application has been made for the relief requested herein.

10.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk's office for the Court of Common Pleas of York County, Pennsylvania.

## III.    This Court Has Subject Matter Jurisdiction Pursuant to 28 U.S.C. § 1331

11.     This Court has subject matter jurisdiction over this case because Plaintiff alleges violations of the Fair Credit Reporting Act ("FCRA") and the Fair and Accurate Credit Transaction Act ("FACTA"), 15 U.S.C. §1681, et seq., which arise under federal law.

12.     This Court has jurisdiction over all civil actions "arising under the Constitution, laws and treaties of the United States" pursuant to 28 U.S.C. § 1331.

13.     Accordingly, this case is properly removable under 28 U.S.C. § 1331.

14.     By filing this Notice, LNRSFLI does not waive its right to raise any objection and specifically reserves the right to assert any defenses and/or objections it is entitled to make.

**WHEREFORE**, Defendant LexisNexis Risk Solutions FL, Inc. gives notice that the above action now pending in the Court of Common Pleas of York County is being removed to this Court.

> **HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**
>
> By: /s/ Sharon F. McKee
> Sharon F. McKee (Pa. I.D. No. 81499)
> Bonnie M. Hoffman (Pa. I.D. No. 201140)
> One Logan Square, 27th Floor
> Philadelphia, PA 19103
> (215) 568-6200 (telephone)
> E-mail:     smckee@hangley.com
>                 bhoffman@hangley.com
>
> *Attorneys for Defendant*
> *LexisNexis Risk Solutions FL, Inc.*

Dated:  January 13, 2014

## CERTIFICATE OF SERVICE

I, Sharon F. McKee, certify that on January 13, 2014, copies of the foregoing Notice of Removal and Corporate Disclosure Statement were served via Federal Express upon the following:

Vicki Piontek, Esquire
Piontek Law Offices
951 Allentown Road
Lansdale, PA  19446

*Attorney for Plaintiff*

/s/ Sharon F. McKee
Sharon F. McKee

# EXHIBIT A

Page 1

CASE NUMBER  2013-SU-003027-74  /  1/9/2014 /
EATON DAVID R SR  vs.  LEXISNEXIS RISK SOLUTIONS FL INC

| Date | Action | Pages |
|------|--------|-------|
| 8/23/2013 | PRAECIPE TO PROCEED IN FORMA PAUPERIS | 1 |
| 8/23/2013 | PRAECIPE FOR WRIT OF SUMMONS IN CIVIL ACTION | 2 |
| 8/23/2013 | WRIT ISSUED AND RETURNED TO ATTY FOR SERVICE | 1 |
| 8/23/2013 | FINANCIAL AFFIDAVIT | 4 |
| 9/3/2013 | COMPLAINT | 36 |
| 9/23/2013 | AMENDED COMPLAINT | 37 |
| 11/21/2013 | AMENDED COMPLAINT | 36 |

Total Number of Pages :  117

PARTY NAME
P  - EATON, DAVID R SR
D  - LEXISNEXIS RISK SOLUTIONS FL INC
D  - X Y Z CORPORATIONS

ATTY NAME
PIONTEK, VICKI ANN

# EXHIBIT B

IN THE COURT OF COMMON PLEAS
YORK COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

David Eaton                                    :
3116 Sundial Road                              :
Dover, PA 17315                                :
                    Plaintiff                  :
v.                                             :       Jury Trial Demanded
LexisNexis Risk Solutions FL Inc.              :
6601 Park of Commerce Boulevard                :
Boca Raton, Florida 33487                      :       2013-SU-003027 -74
and                                            :
X,Y,Z Corporations                            :
                    Defendant(s)               :

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice to you for any money claimed in the Complaint or for any other claim or relief requested by Plaintiff(s). You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

MID-PENN LEGAL SERVICES
29 NORTH QUEEN STREET, YORK, PA 17403
717-848-3605          Fax: 717-854-5431

PA BAR ASSOCIATION
P.O. BOX 186, HARRISBURG, PENNSYLVANIA 17018
717-238-6715     215-348-9413

OFFICE OF PROTHONOTARY
2013 NOV 21  PM 12: 13
JUDICIAL CENTER
YORK, PA

IN THE COURT OF COMMON PLEAS
YORK COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

| | | |
|---|---|---|
| David Eaton | : | |
| 3116 Sundial Road | : | |
| Dover, PA  17315 | : | |
|                 Plaintiff | : | |
| v. | : | Jury Trial Demanded |
| LexisNexis Risk Solutions FL Inc. | : | |
| 6601 Park of Commerce Boulevard | : | |
| Boca Raton, Florida 33487 | : | 2013-SU-003027 -74 |
| and | : | |
| X,Y,Z Corporations | : | |
|               Defendant(s) | : | |

## AMENDED COMPLAINT

### INTRODUCTION

1. This is a lawsuit for damages brought by an individual consumer for Defendant(s') alleged violations of the Fair Credit Reporting Act (FCRA), and the Fair and Accurate Credit Transaction Act (FACTA), 15 U.S.C. 1681, et seq.

OFFICE OF PROTHONOTARY
2013 NOV 21  PM 12: 13
JUDICIAL CENTER
YORK, PA

## JURISDICTION AND VENUE

2. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint

3. Venue is proper in this District because Defendant(s) regularly do(es) business in this jurisdiction and avails itself of the benefits of the market in this jurisdiction.

4. Plaintiff resides in this jurisdiction.

5. A substantial portion of the transaction(s), occurrence(s) act(s) and / or omission(s) complained of in this action took place in or near this jurisdiction.

6. Key witnesses are located at or near this jurisdiction.

## PARTIES

7. The previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

8. Plaintiff is David Eaton, an adult individual with a mailing address of 3116 Sundial Road, Dover, PA 17315.

9. Defendant(s) is/are the following individuals and business entities.

     a.    LexisNexis Risk Solutions FL Inc., a corporation having its principal place of business at 6601 Park of Commerce Boulevard, Boca Raton, Florida 33487. At various times throughout this Complaint LexisNexis Risk Solutions FL Inc. may be referred to as "LexisNexis."

     b.    X,Y,Z Corporations, business identities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts described in this complaint. At various times throughout this Complaint said XYZ Corporations may be referred to as "LexisNexis."

**COUNT ONE: Violation of the Fair Credit Reporting Act and the Fair and
Accurate Credit Transactions Act, 15 USC 1681 et. seq.
Failure to Include Required Notices with Plaintiff's Consumer Report on or About May
14, 2013**

10. All previous paragraphs of this complaint are incorporated by reference and made a part
of this complaint.

11. At all times mentioned in this Complaint Defendant(s) was / were a "consumer reporting
agency" as defined by the 15 USC 1681, the Fair Credit Reporting Act.  Defendant(s)
was regularly engaged in the business of assembling, evaluating, and disbursing
information concerning consumers for the purpose of furnishing consumer reports to
third parties.

12. At all times mentioned in this Complaint, Defendant(s)' Accurint branded reports to debt
collectors, credit insurers and entities involved in the debt collection industry generally,
to assist with the collection of delinquent consumer credit accounts, and the location of
debtors and debtors' assets.

13. It is believed and averred that Defendant(s) also sells reports to employers for pre-
employment and residential screening.

14. An Accurint report contains vast amounts of information about an individual consumer that Defendants have assembled and compiled, including information about where the consumer resides, the consumer's age, social security number, date of birth, employer and employment history, economic profile data regarding the consumer's home and neighboring properties, whether the consumer has filed for bankruptcy, has any liens or judgments, public records, UCC filings, professional licenses, accident history, recreational permits, and general information about the consumer's assets and property.

15. As represented by Defendants, Accurint reports are an extremely useful tool for debt collectors in terms of increasing collection recovery rates and the Defendants aggressively market them to debt collectors.

16. Some of the data contained in the Accurint reports is regularly used by debt collectors to collect consumer debts from consumers throughout the Country.

17. Some of the data that Defendants sell through Accurint reports derives from data that Defendants have purchased from other consumer reporting agencies and which it resells through an Accurint report.

18. At all times mentioned in this Complaint, Defendants operated as "consumer reporting agencies" ("CRAs"), consumer reporting agencies "that compile[ s] and maintain [ s] files on consumers on a nationwide basis," as defined by 15 USC 1681a et. seq, 15USC 1681 b et. seq.

19. Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer report information by CRAs.

20. Despite the fact that Defendants assemble and compile consumer information for sale in the form of Accurint reports to debt collectors, employers, and credit insurers on a nationwide basis, do not provide consumers with summaries of their rights under the FCRA as required by 15 USC 1681 g (c)(2).

21. Instead of providing consumers with the required summary of rights under 15 USC 1681 g (c)(2), LexisNexis willfully violates the FCRA by misrepresenting to consumers that is not a consumer reporting agency as defied by FCRA, 15 USC 1681 et. seq.

22. LexisNexis's practices not only violate the FCRA as a matter of law, it exacts serious consequences on consumers and interstate commerce.

23. Prior to the commencement of this action, Plaintiff contacted Defendant(s) in writing and requested a copy of the information contained in Plaintiff's consumer report which was maintained by Defendant(s).

24. 15 USC 1681 g (c)(2) imposes the following requirements on a consumer reporting

agency to include certain notices and disclosures on the individual's or consumer's report

when such report is provided by the consumer reporting agency to the consumer.

> **(2) Summary of rights required to be included with agency disclosures**
> A consumer reporting agency shall provide to a consumer, with each written disclosure by the agency to the consumer under this section—
> (A)the summary of rights prepared by the Commission under paragraph (1);
> (B)in the case of a consumer reporting agency described in section 1681a(p) of this title, a toll-free telephone number established by the agency, at which personnel are accessible to consumers during normal business hours;
> (C)a list of all Federal agencies responsible for enforcing any provision of this subchapter, and the address and any appropriate phone number of each such agency, in a form that will assist the consumer in selecting the appropriate agency;
> (D)a statement that the consumer may have additional rights under State law, and that the consumer may wish to contact a State or local consumer protection agency or a State attorney general (or the equivalent thereof) to learn of those rights; and
> (E)a statement that a consumer reporting agency is not required to remove accurate derogatory information from the file of a consumer, unless the information is outdated under section 1681c of this title or cannot be verified.

25. Defendant(s) received Plaintiff's request for Plaintiff's consumer report and sent Plaintiff

a copy of Plaintiff's consumer report on or about May 14, 2013.

26. Defendant(s) did not include the above described required notice or disclosure with

Plaintiff's consumer report when Defendant(s) sent Plaintiff the consumer report on or

about May 14, 2013.

27. Defendant(s) breached its / their duty under 15 USC 1681 g (c)(2)  to provide such notice

or disclosure to Plaintiff on or about May 14, 2013.

28. Instead of mailing Plaintiff a proper summary of rights required by 15 USC 1681 g (c)(2), Defendant(s) mailed Plaintiff a cover letter along with the purported copy of Plaintiff's consumer report. The cover letter dated May 14, 2013, stated among other things that Defendant(s) LexisNexis was not a consumer reporting agency.

29. Defendant(s) statement on May 14, 2013, that LexisNexis was not a consumer reporting agency was false and misleading and directly antithetical to the duties imposed on Defendant(s) under 15 USC 1681 g (c)(2).

**COUNT TWO: Violation of the Fair Credit Reporting Act and the Fair and Accurate
Credit Transactions Act, 15 USC 1681 et. seq.
Failure to Redact Portions of Plaintiff's Social Security Number on or About May 14,
2013**

30. All previous paragraphs of this complaint are incorporated by reference and made a part
of this complaint.

31. At all times mentioned herein Plaintiff was a consumer as defined by 15 USC 1681.

32. At all times mentioned herein Plaintiff was a person as defined by 15 USC 1681a (c).

33. At all times mentioned herein Plaintiff was an individual as defined by 15 USC 1681a
(c).

34. At all times mentioned in this Complaint, Defendant(s) maintained a "consumer report"
on Plaintiff as defined by 15 USC 1681(a)(d), as follows:

35. At all times mentioned in this Complaint, Defendant(s) was a "consumer Reporting
Agency" as defined by 15 USC 1681a(f).

36. Prior to the commencement of this action, Plaintiff contacted Defendant(s) in writing and
requested a copy of the information contained in Plaintiff's consumer report in which was
maintained by Defendant(s).

37. Plaintiff requested that Defendant(s) redact the first five digits of Plaintiff's Social
    Security number on the consumer report.

38. Pursuant to 15 USC 1681g (a)(1)(A), Defendant(s) was / were required to redact the first
    five digits of Plaintiff' Social Security Number because Plaintiff specifically requested
    Defendant(s) to do so in writing at the time that Plaintiff requested the consumer report
    from Defendant(s).

39. Defendant(s) was/were required to redact the first five digits of Plaintiff's Social Security
    number on Plaintiff's consumer report even though the consumer report was given
    directly to the consumer, and not intended to be accessed by any third party.

40. Said redaction requirement was part of the Fair and Accurate Credit Transaction Act
    (FACTA) of 2003.

41. The legislative purpose of such redaction requirement was to protect the consumer's
    privacy and Social Security Number from third parties and / or dumpster divers who
    might view the consumer's Social Security Number information on the consumer report.

42. Such legislative purpose is also exemplified in 15 USC 1681c (g), which was also part of the FACTA of 2003. 15 USC 1681c (g) requires merchants to redact all but the last 5 digits of a consumers' bank or credit card number on a receipt at the point of sale. Even the expiration date must be redacted. This is true even when such receipt is given directly to the consumer, and not intended to be accessed by any third party.

43. The purpose of 15 USC 1681c (g) was to protect consumers from unintended persons who may view or "dumpster dive" for the consumers' credit card or bank transaction receipts.

44. 15 USC 1681c (g) and 15 USC 1681g (a)(1)(A) have similar purposes in their redaction requirements to protect consumers' personal information from third parties who may view or obtain such consumers' personal account or Social Security information.

45. In response to Plaintiff's aforementioned written request, Defendant(s) sent Plaintiff a copy of Plaintiff's consumer report on or about May 14, 2013.

46. The report sent by Defendant(s) to Plaintiff on May 14, 2013, contained the first 5 digits of Plaintiff's Social Security number printed and not redacted.

47. The first five digits of Plaintiff's Social Security number was printed by Defendant(s) in several placed on Plaintiff's consumer report.

48. On or about May 14, 2013, Defendant(s) breached its / their duty to Plaintiff under 15
    USC 1681g (a)(1)(A) by failing to redact the first five digits of Plaintiff's Social Security
    Number on Plaintiff's consumer report after having been specifically requested in writing
    by Plaintiff to redact the first five digits of Plaintiff's Social Security number.

**COUNT THREE: Violation of the Fair Credit Reporting Act and the Fair and Accurate
Credit Transactions Act, 15 USC 1681 et. seq.
Failure to Include Required Notices with Plaintiff's Consumer Report on or About July
9, 2013**

49. All previous paragraphs of this complaint are incorporated by reference and made a part

of this complaint.

50. At all times mentioned in this Complaint Defendant(s) was / were a "consumer reporting

agency" as defined by the 15 USC 1681, the Fair Credit Reporting Act.  Defendant(s)

was regularly engaged in the business of assembling, evaluating, and disbursing

information concerning consumers for the purpose of furnishing consumer reports to

third parties.

51. At all times mentioned in this Complaint, Defendant(s)' Accurint branded reports to debt

collectors, credit insurers and entities involved in the debt collection industry generally,

to assist with the collection of delinquent consumer credit accounts, and the location of

debtors and debtors' assets.

52. It is believed and averred that Defendant(s) also sells reports to employers for pre-

employment and residential screening.

53. An Accurint report contains vast amounts of information about an individual consumer that Defendants have assembled and compiled, including information about where the consumer resides, the consumer's age, social security number, date of birth, employer and employment history, economic profile data regarding the consumer's home and neighboring properties, whether the consumer has filed for bankruptcy, has any liens or judgments, public records, UCC filings, professional licenses, accident history, recreational permits, and general information about the consumer's assets and property.

54. As represented by Defendant(s), Accurint reports are an extremely useful tool for debt collectors in terms of increasing collection recovery rates and the Defendants aggressively market them to debt collectors.

55. Some of the data contained in the Accurint reports is regularly used by debt collectors to collect consumer debts from consumers throughout the Country.

56. Some of the data that Defendants sell through Accurint reports derives from data that Defendants have purchased from other consumer reporting agencies and which it resells through an Accurint report.

57. At all times mentioned in this Complaint, Defendants operated as "consumer reporting agencies" ("CRAs"), consumer reporting agencies "that compile[ s] and maintain [ s] files on consumers on a nationwide basis," as defined by 15 USC 1681a et. seq, 15USC 1681 b et. seq.

58. Among other things, the FCRA regulates the collection, maintenance, and disclosure of consumer report information by CRAs.

59. Despite the fact that Defendants assemble and compile consumer information for sale in the form of Accurint reports to debt collectors, employers, and credit insurers on a nationwide basis, do not provide consumers with summaries of their rights under the FCRA as required by 15 USC 1681 g (c)(2).

60. Instead of providing consumers with the required summary of rights under 15 USC 1681 g (c)(2), LexisNexis willfully violates the FCRA by misrepresenting to consumers that is not a consumer reporting agency as defied by FCRA, 15 USC 1681 et. seq.

61. LexisNexis's practices not only violate the FCRA as a matter of law, it exacts serious consequences on consumers and interstate commerce.

62. Prior to the commencement of this action, Plaintiff contacted Defendant(s) in writing and requested a copy of the information contained in Plaintiff's consumer report which was maintained by Defendant(s).

63. 15 USC 1681 g (c)(2) imposes the following requirements on a consumer reporting

agency to include certain notices and disclosures on the individual's or consumer's report

when such report is provided by the consumer reporting agency to the consumer.

> **(2) Summary of rights required to be included with agency disclosures**
> A consumer reporting agency shall provide to a consumer, with each written disclosure by the agency to the consumer under this section—
> (A) the summary of rights prepared by the Commission under paragraph (1);
> (B) in the case of a consumer reporting agency described in section 1681a(p) of this title, a toll-free telephone number established by the agency, at which personnel are accessible to consumers during normal business hours;
> (C) a list of all Federal agencies responsible for enforcing any provision of this subchapter, and the address and any appropriate phone number of each such agency, in a form that will assist the consumer in selecting the appropriate agency;
> (D) a statement that the consumer may have additional rights under State law, and that the consumer may wish to contact a State or local consumer protection agency or a State attorney general (or the equivalent thereof) to learn of those rights; and
> (E) a statement that a consumer reporting agency is not required to remove accurate derogatory information from the file of a consumer, unless the information is outdated under section 1681c of this title or cannot be verified.

64. Defendant(s) received Plaintiff's consumer report and sent Plaintiff a copy of Plaintiff's

consumer report on or about July 9, 2013.

65. Defendant(s) did not include the above described required notice or disclosure with

Plaintiff's consumer report when Defendant(s) sent Plaintiff the consumer report on or

about July 9, 2013.

66. Defendant(s) breached its / their duty under 15 USC 1681 g (c)(2)  to provide such notice

or disclosure to Plaintiff on or about July 9, 2013.

67. Instead of mailing Plaintiff a proper summary of rights required by 15 USC 1681 g (c)(2), Defendant(s) mailed Plaintiff a cover letter along with the purported copy of Plaintiff's consumer report on or about July 9, 2013.  The cover letter for the consumer report dated July 9, 2013 stated among other things that Defendant(s) LexisNexis was not a consumer reporting agency.

68. Defendant(s) statement on or about July 9, 2013, that LexisNexis was not a consumer reporting agency was false and misleading and directly antithetical to the duties imposed on Defendant(s) under 15 USC 1681 g (c)(2).

**COUNT FOUR Violation of the Fair Credit Reporting Act and the Fair and Accurate Credit Transactions Act, 15 USC 1681 et. seq.**
**Failure to Redact Portions of Plaintiff's Social Security Number on or About July 9, 2013**

69. All previous paragraphs of this complaint are incorporated by reference and made a part of this complaint.

70. At all times mentioned herein Plaintiff was a consumer as defined by 15 USC 1681.

71. At all times mentioned herein Plaintiff was a person as defined by 15 USC 1681a (c).

72. At all times mentioned herein Plaintiff was an individual as defined by 15 USC 1681a (c).

73. At all times mentioned in this Complaint, Defendant(s) maintained a "consumer report" on Plaintiff as defined by 15 USC 1681(a)(d), as follows:

74. At all times mentioned in this Complaint, Defendant(s) was a "consumer Reporting Agency" as defined by 15 USC 1681a(f).

75. Within the applicable statute of limitations prior to the commencement of this action, Plaintiff contacted Defendant(s) in writing and requested a copy of the information contained in Plaintiff's consumer report in which was maintained by Defendant(s).

76. Plaintiff requested that Defendant(s) redact the first five digits of Plaintiff's Social Security number on the consumer report.

77. Pursuant to 15 USC 1681g (a)(1)(A), Defendant(s) was / were required to redact the first five digits of Plaintiff' Social Security Number because Plaintiff specifically requested Defendant(s) to do so at the time that Plaintiff requested the consumer report from Defendant(s).

78. Defendant(s) was/were required to redact Plaintiff's consumer report even though the consumer report was given directly to the consumer, and not intended to be accessed by any third party.

79. Said redaction requirement was part of the Fair and Accurate Credit Transaction Act (FACTA) of 2003.

80. The legislative purpose of such redaction requirement was to protect the consumer's privacy and Social Security Number from third parties and / or dumpster divers who might view the consumer's Social Security Number information on the consumer report.

81. Such legislative purpose is also exemplified in 15 USC 1681c (g), which was also part of the FACTA of 2003. 15 USC 1681c (g) requires merchants to redact all but the last 5 digits of a consumers' bank or credit card number on a receipt at the point of sale. Even the expiration date must be redacted. This is true even when such receipt is given directly to the consumer, and not intended to be accessed by any third party.

82. The purpose of 15 USC 1681c (g) was to protect consumers from unintended persons who may view or "dumpster dive" for the consumers' credit card or bank transaction receipts.

83. 15 USC 1681c (g) and 15 USC 1681g (a)(1)(A) have similar purposes in their redaction requirements to protect consumers' personal information from third parties who may view or obtain such consumers' personal account or Social Security information.

84. Pursuant to Plaintiff's aforementioned written request to obtain Plaintiff's consumer report, and for Defendant(s) to redact the first 5 digits of Plaintiff's Social Security number on Plaintiff's consumer report, Defendant(s) sent Plaintiff a copy of Plaintiff's consumer report. However, the report sent by Defendant(s) to Plaintiff contained the first 5 digits of Plaintiff's Social Security number, not redacted.

85. The consumer report that was sent by Defendant(s) to Plaintiff on or about July 9, 2013, contained the first five digits of Plaintiff's Social Security Number, not redacted.

86. On or about July 9, 2013, Defendant(s) breached its / their duty to Plaintiff under 15 USC 1681g (a)(1)(A) by failing to redact the first five digits of Plaintiff's Social Security Number on Plaintiff's consumer report after having been specifically requested in writing by Plaintiff to redact the first five digits of Plaintiff's Social Security number.

## LIABILITY AND DAMAGES

87. The previous paragraphs of this Complaint are incorporated by reference.

88. At all times mentioned in this Complaint, Defendant(s) acted jointly and collectively.

89. At all times mentioned in this Complaint, Defendant(s) operated under the brand name "LexisNexis."

90. Defendant(s) is/are liable for the acts committed by its agents under the doctrine of respondeat superior because Defendant(s') agents were acting within the scope of their employment with Defendant(s).

91. In the alternative, Defendant(s) is/are liable for the conduct of its agents / employees under the theory of joint and several liability because Defendant(s) and its agents / employees were engaged in a joint venture and were acting jointly and in concert.

92. Any mistake made by Defendant(s) would have included a mistake of law.

93. Any mistake made by Defendant(s) would not have been a reasonable or bona fide mistake.

94. An affiliate of Defendant , LexisNexis Risk & Information Analytics Group, Inc., was recently sued regarding its sale of Accurint reports and failure to follow the FCRA's strictures in doing so in the case of *Adams, et al.* v. *LexisNexis Risk & Information Analytics Group, Inc., et al.,* No. I :08-cv-04708-RMB-KMW, United States District Court for the District of New Jersey.

95. In its May 12, 2010 opinion the *Adams* court rejected LexisNexis's arguments the LexisNexis was not a consumer reporting agency.  The Adams Court held that Accurint reports were consumer reports as defined by FCRA, 15 USC 1681 et. seq.

96. Likewise, the *Adams* court concluded that the plaintiff could prove a willful violation by proving "that Lexis either knowingly or recklessly adopted policies that contravened the FCRA."

97. The *Adams* case settled in August of 2010, after the court's opinion on the Rule 12( c) motion issued.

98. An affiliate company of Defendant(s), LexisNexis Risk & Information Analytics Group, Inc., has also been sued regarding its sale of Accurint reports and failure to follow the FCRA's strictures in doing so in the case of *Berry, et al.* v. *LexisNexis Risk & Information Analytics Group, Inc., et al.,* docket number 11-cv-00754, United States District Court for the Eastern District of Virginia.

99. The *Berry* case settled preliminarily in March of 2013 for LexisNexis  to pay $13.5 Million as a result of the suit.

100.    Even after LexisNexis Risk & Information Analytics Group, Inc., had been sued in the *Berry* case, Defendant(s) still continued the same pattern of FCRA violations that LexisNexis Risk & Information Analytics Group, Inc. was sued for in the Berry case, for months after the Berry case was filed and served on Defendant(s). Over 31 other violations similar to the violations committed by Defendant(s) in this case have been document in Pennsylvania in the last 12 months.

101.    Even after LexisNexis Risk & Information Analytics Group, Inc., preliminarily settled the *Berry* case, Defendant(s) still continued the same pattern of FCRA violations that LexisNexis Risk & Information Analytics Group, Inc., was sued for in the Berry case, similar to this case, for months after the Berry case was settled for $13.5 Million by Defendant(s). Over 12 violations similar to the violation is Plaintiff's case have been documented in Pennsylvania after the Berry case.

102.    At all times mentioned in this Complaint Defendant(s) knew or should have know about the fact and legal rulings in the facts *Adams* case.

103.    At all times mentioned in this Complaint Defendant(s) knew or should have know about the facts pertaining to the *Berry* case.

104.    Defendant(s)' failure to modify its practices is the results of a deliberate corporate

decision to disregard the duties imposed on Defendant(s) under the Fair Credit Reporting

Act, and the Fair and Accurate Credit Transaction Act, 15 USC 1681 et. seq.

105.    Defendant(s) failure to modify its practices and/or conform them to the FCRA is

the results of a deliberate corporate decision to disregard the findings of Federal Courts.

106.    It is believed and averred that Defendant(s) act and omissions were not accidental,

nor an oversight.  Defendant(s) acts and omissions were willful, as evidenced by the

following.

a.  The previously mentioned Adams case where LexisNexis Risk &
Information Analytics Group, Inc.,  was found to be a consumer reporting
agency as defined by FCRA and where the Accurint reports were found to be
"consumer reports" as defined by FCRA.

b.  The previously mentioned Berry case where LexisNexis Risk &
Information Analytics Group, Inc.'s violation of FCRA were clearly and
unequivocally brought to the attention of Defendant(s).

c.  Defendant(s) continued violations of the FCRA in a similar manner to the
violations alleged in the Berry case.  Over 40
similarly situated consumers in Pennsylvania have been similarly affected.

d.  Defendant(s) acts and omissions were caused by Defendant(s)' lack of
established business practices and procedures conform to FCRA and
Defendant(s)' blatant disregard for the fact that Defendant(s) was / were a
consumer reporting agency, and the fact that the Accurint product was a
consumer report as defined by FCRA.  Over 40 other Similarly situated
consumers in Pennsylvania were also deprived of their right to receive the
proper notice to the consumer required by FDCR, and numerous other

consumers received misleading communications by Defendant(s) that
Defendant(s) was / were not a consumer reporting agency.

e.  Lack of established business practices and procedures conform to FCRA,
to include the proper notices to consumers.

f.  Lack of established business practices and procedures conform to FCRA,
to redact the Social Security numbers of consumers.

g.  Over 50 other cases in Pennsylvania where Defendant(s) have continued
to print consumers' Social Security numbers on consumer reports despite
written requests by such consumers for Defendant(s) to not print such
numbers.

107.   Plaintiff believes and avers that Plaintiff is entitled to at least $1.00 actual
damages for Plaintiff, including but not limited to phone, fax, stationary, postage, etc.

108.   Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory
damages per violation for Count One pursuant to 15 USC 1681 et. seq. due to the willful
nature of the acts or omissions described in this Complaint.

109.   Plaintiff believes and avers that Plaintiff is entitled to $1,000.00 statutory
damages per violation for Count Two pursuant to 15 USC 1681 et. seq. due to the willful
nature of the acts or omissions described in this Complaint.

110.   There are a total of at least 4 violations for each count, on May 14, 2013 and July
9, 2013.

111.    Each violation on each date warrants a separate $1,000.00 statutory damages that

Plaintiff should be entitled to.

112.    Because Defendant(s) actions were willful, Plaintiff requests punitive damages

against Defendant(s) in the amount to be determined by this Honorable Court.

113.    For purposes of a default judgment, Plaintiff believes and avers that the amount of

such punitive damages should be no less than $150,000.00 because Defendant(s') actions

were willful.

## ATTORNEY FEES

114.    The previous paragraphs of this Complaint are incorporated by reference.

115.    Plaintiff believes and avers that Plaintiff is entitled to attorney fees pursuant to 15

USC 1681 et. seq. for prosecuting this action.

116.    Plaintiff believes and avers that such attorney fees amount to no less than

$1,750.00.00 at a rate of $350.00 per hour, enumerated below.

| | |
|---|---|
| a.  Consultation with client and review of file, drafting letters | 1 |
| b.  Drafting, editing, review, filing and service of complaint, amended complaint and related documents | 2 |
| c.  Follow up contact with Defense and client | 2 |

$$5 \times \$350 = \$1,750.00$$

117.    Plaintiff's attorney fees continue to accrue as the case move forward.

118.    The above stated attorney fees are for prosecuting this matter and reasonable

follow up.

## OTHER RELIEF

119.    The previous paragraphs of this Complaint are incorporated by reference and

made a part of this Complaint.

120.    Plaintiff requests / demands a jury trial in this matter.

121.    Plaintiff requests injunctive and declarative relief.

122.    Plaintiff requests an order from this Honorable Court or other Court of competent

jurisdiction directing Defendant(s) to comply with the aforementioned provisions of the

FCRA.

123.    Plaintiff seeks such other relief as this Honorable Court may deem just and

proper.

Wherefore, Plaintiff demands judgment against Defendant(s) in the amount of no less than $155,751.00 as enumerated below, and for fees and costs and for such other relief as the Court deems just and proper.

$1.00 more or less actual damages.

$1,000.00 statutory damages pursuant to 15 USC 1681 et. seq. for Count One

$1,000.00 statutory damages pursuant to 15 USC 1681 et. seq. for Count Two

$1,000.00 statutory damages pursuant to 15 USC 1681 et. seq. for Count Three

$1,000.00 statutory damages pursuant to 15 USC 1681 et. seq. for Count Four

$1,750.00 attorney fees

$150,000.00 punitive damages

_____

$155,751.00

11-6-2013
Date

Vicki Piontek, Esquire
Supreme Court ID Number 83559
Attorney for Plaintiff
951 Allentown Road
Lansdale, PA 19446
877-737-8617
Fax: 866-408-6735
palaw@justice.com

David R. Eaton, Sr.
3116 Sundial Road
Dover, PA  17315

LEXISNEXIS RISK & INFORMATION ANALYTICS GROUP INC
1000 ALDERMAN DRIVE
ALPHARETTA, GA, 30005

RE:  David R. Eaton, Sr.      SSN: ███████      DOB: 7/28/1951

### REQUEST FOR ACCURINT CONSUMER REPORT

   I would like to request a free copy of my Accurint consumer report.  I have not obtained a copy of my report in the last 365 days.

   Enclosed please find a copy of my identification, and other documentation of my identity and my address.

   **Please redact the first five digits of my Social Security number on my consumer report.  Please do not print my Social Security on my consumer report.**

   Thank you.

                              Sincerely,

                              *David R. Eaton Sr.*    4-24-13
                              David R. Eaton, Sr.      Date

                              Exhibit A

David R. Eaton, Sr.
3116 Sundial Road
Dover, PA  17315


LEXISNEXIS RISK & INFORMATION ANALYTICS GROUP INC
1000 ALDERMAN DR
ALPHARETTA, GA  30005

**RE:  David R. Eaton, Sr.     SSN:** ▓▓▓▓▓      **DOB: 7/28/1951**

### REQUEST FOR ACCURINT CONSUMER REPORT

I would like to request a free copy of my Accurint consumer report.  I have not obtained a copy of my report in the last 365 days.

Enclosed please find a copy of my identification, and other documentation of my identity and my address.

**Please redact the first five digits of my Social Security number on my consumer report.  Please do not print my Social Security on my consumer report.**

Thank you.


Sincerely,

*David R Eaton Sr*        5-18-13
David R. Eaton, Sr.        Date



Exhibit B



LexisNexis® Risk Solutions FL Inc.
Accurint Consumer Inquiry Department
P.O. Box 105610
Atlanta, GA 30348-5610

May 14, 2013

70 1 MB 0.405**************AUTO**MIXED AADC 300
||¹||⁰ⁿⁱ||¹|⁰||ⁱ||⁰ᵖⁿ|¹||ᵖ⁰ⁿⁱⁱ||⁰||ⁱ||⁰||⁰ⁿ||⁰ⁿᵖ||¹||⁰||ⁱ⁰||¹||⁰||⁰ⁿ|||⁰||
David Eaton                             t/sy 002 pece 70
3116 Sundial Rd
Dover PA 17315-4565

Reference #:  45901

Dear Consumer:

We are sending this letter in response to the request you made for your Accurint Person Report.  This Person Report is a compilation of public record data and non-public information using innovative technology to link records about an individual together.  We have enclosed a copy of your Person Report as it exists today.  This report may not contain every piece of personally identifiable information we have in our databases relating to you. Please review each section carefully and contact LexisNexis if you have any questions concerning this information.

Kindly be advised that Accurint is NOT a Consumer Reporting Agency, and, as such, Accurint is not governed by the Fair Credit Reporting Act (15 U.S.C. § 1681, et seq.).  Accurint data is not permitted to be used to grant or deny credit, make employment decisions, or make tenant and housing screening decisions, or any other uses regulated by the Fair Credit Reporting Act.  Accurint purchases and resells data collected by outside companies, which cover public records and commercially available data sources, in full compliance with all applicable federal and state privacy laws.  We do not examine or verify our data, nor is it possible for our computers to correct or change data that is incorrect – Accurint can provide only the data that was provided to us.

Although Accurint is not a Consumer Reporting Agency, please be reassured that both Accurint, and your personal information contained in Accurint databases, are regulated by the federal government and are subject to the Gramm-Leach-Bliley Act (15 U.S.C. § 6801, et seq.) and the Federal Drivers Privacy Protection Act (18 U.S.C. § 2721, et seq.).  These laws regulate who may access private, non-public data and the purposes for which it may be accessed.  Accurint fully complies with these and all other applicable federal and state laws.

If you have any further questions, you may contact us by phone at (866) 491-0873. The Accurint Consumer Inquiry Department's hours of operation are Monday – Friday from 8 AM to 7 PM Eastern Time.  To allow us to protect your privacy and deliver prompt service, please have your Reference Number (located below your name and address at the top of this page) accessible when you call our support number.

Thank you for allowing us to assist you.
*Accurint Consumer Inquiry Department*

E x h i b i t  J J C          CD255-04-10d



LexisNexis® Risk Solutions FL Inc.
Accurint Consumer Inquiry Department
P.O. Box 105610
Atlanta, GA 30348-5610

July 9, 2013

129 1 MB 0.405***************AUTO**MIXED AADC 300
ıllılldılllılıllıllıllıl·llılıll··llıll··ıl·llıllıllıllıllıl  key 003 piece 129
David Eaton
3116 Sundial Rd
Dover PA 17315-4565

Reference #:  45901

Dear Consumer:

We are sending this letter in response to the request you made for your Accurint Person Report.  This Person Report is a compilation of public record data and non-public information using innovative technology to link records about an individual together.  We have enclosed a copy of your Person Report as it exists today.  This report may not contain every piece of personally identifiable information we have in our databases relating to you. Please review each section carefully and contact LexisNexis if you have any questions concerning this information.

Kindly be advised that Accurint is **NOT** a Consumer Reporting Agency, and, as such, Accurint is not governed by the Fair Credit Reporting Act (15 U.S.C. § 1681, et seq.).  Accurint data is not permitted to be used to grant or deny credit, make employment decisions, or make tenant and housing screening decisions, or any other uses regulated by the Fair Credit Reporting Act.  Accurint purchases and resells data collected by outside companies, which cover public records and commercially available data sources, in full compliance with all applicable federal and state privacy laws.  We do not examine or verify our data, nor is it possible for our computers to correct or change data that is incorrect – Accurint can provide only the data that was provided to us.

Although Accurint is not a Consumer Reporting Agency, please be reassured that both Accurint, and your personal information contained in Accurint databases, are regulated by the federal government and are subject to the Gramm-Leach-Bliley Act (15 U.S.C. § 6801, et seq.) and the Federal Drivers Privacy Protection Act (18 U.S.C. § 2721, et seq.).  These laws regulate who may access private, non-public data and the purposes for which it may be accessed.  Accurint fully complies with these and all other applicable federal and state laws.

If you have any further questions, you may contact us by phone at (866) 491-0873. The Accurint Consumer Inquiry Department's hours of operation are Monday – Friday from 8 AM to 7 PM Eastern Time.  To allow us to protect your privacy and deliver prompt service, please have your Reference Number (located below your name and address at the top of this page) accessible when you call our support number.

Thank you for allowing us to assist you.
*Accurint Consumer Inquiry Department*

Page 1        Exhibit  D        CD255-04-10d

IN THE COURT OF COMMON PLEAS
YORK COUNTY, PENNSYLVANIA
CIVIL ACTION-LAW

David Eaton                                                :
3116 Sundial Road                                          :
Dover, PA  17315                                           :          Jury Trial Demanded
v.                                                         :
                        Plaintiff                          :
LexisNexis Risk Solutions FL Inc.                          :
6601 Park of Commerce Boulevard                            :
Boca Raton, Florida 33487                                  :          2013-SU-003027 -74
and                                                        :
X,Y,Z Corporations                                         :
                        Defendant(s)                       :

## VERIFICATION

I, David Eaton, have read the attached complaint.  The facts stated therein are true and correct to
the best of my knowledge, understanding, and belief.


_David Eaton_          _9-13-13_
David Eaton            Date